**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Royce-Wayne Gibbons, | ) | No. CV 07-1456-PHX-SMM (JCG) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

On July 9, 2007, Plaintiff Royce-Wayne Gibbons, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* Complaint in Maricopa County Superior Court. Defendant removed the action to this Court on July 31, 2007 and paid the $350.00 filing fee. On August 21, 2007, the Court dismissed the Complaint with leave to amend (Doc. #6). On September 24, 2007, Plaintiff filed a First Amended Complaint and Application to Proceed *In Forma Pauperis* (Doc. #11). On October 2, 2007, Defendant filed a Motion to Dismiss the First Amended Complaint (Doc. #13).

The Court will screen the Amended Complaint and order an answer on Counts I and VI. The Court will also deny the Application to Proceed *In Forma Pauperis* as moot and will deny the Motion to Dismiss as premature.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**TERMPSREF**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     Amended Complaint

Plaintiff names Maricopa County Sheriff Joe Arpaio as Defendant to the Amended Complaint.  Plaintiff alleges eight grounds for relief in the Amended Complaint: (1) Plaintiff's First Amended Rights are violated by Defendant's mail policy, which prohibits inmates from receiving mail sent in envelopes; (2) the mail policy violates 42 U.S.C. § 1981; (3) the mail policy violates 42 U.S.C. § 1983; (4) the mail policy violates Plaintiff's Fourteenth Amendment rights; (5) Plaintiff's First Amendment rights are violated by the policy of only allowing inmates to view a few television channels and listen to one radio station; (6) Plaintiff, a pretrial detainee, is denied his Fifteenth Amendment right to vote; (7) Plaintiff's Eighth Amendment rights are violated by Defendant's policy of playing such songs as "I Fought the Law and Law Won," and "Jailhouse Rock" at a loud volume over the public address system; and (8) the mail policy violates Plaintiff's Fourth Amendment rights. Plaintiff seeks money damages.

Counts I and VI adequately state a claim and the Court will require Defendant to respond to these allegations.

## III.    Failure to State a Claim

### A.     Counts II, III, IV, and VIII

In Counts II, III, IV, and VIII, Plaintiff raises claims that are factually identical to those in Count I.  Although Plaintiff appears to allege a different legal bases for relief in each additional claim, Plaintiff has failed to explain how these bases are substantially different from his claims in Count I.  Because the Court finds no reason to treat each basis as a separate allegation, the Court will dismiss Counts II, III, IV, and VIII.

### B.     Counts V and VII

In Counts V and VII, Plaintiff has failed to show a constitutional deprivation.  "It cannot be said that all . . . conditions . . . even if discomforting or undesirable, amount to

1 deprivations of constitutional dimensions . . . [A] federal court is not the proper forum for 2 challenging or changing every aspect of the harsh realities of confinement unless conditions 3 cannot be tolerated under the Constitution." Thomas v. Smith, 559 F.Supp. 223, 224 4 (W.D.N.Y. 1983) (citing Griffin v. Smith, 493 F. Supp. 129 (W.D.N.Y. 1980)).  In Counts 5 V and VII Plaintiff alleges that he is denied access to certain television programs and that 6 insulting music is frequently "blared" over the public address system in the Jail.

7 Denial of access to television programs simply does not rise to the level of a 8 constitutional violation.  Similarly, the broadcasting of music over the public address system 9 might be deemed petty or insulting, but such actions also do not rise to the level of 10 constitutional violations.  Consequently, Counts V and VII will be dismissed for failure to 11 state a claim.

## IV. Motions

### A. Plaintiff's Application to Proceed *In Forma Pauperis*

This action was removed from state court by Defendant and Defendant is therefore required to pay the applicable filing fee.  Defendant has done so.  Plaintiff's Application to Proceed *In Forma Pauperis* will be denied as moot.

### B. Defendant's Motion to Dismiss

Because Defendant filed the Motion to Dismiss before the Court completed mandatory statutory screening of Plaintiff's Amended Complaint, the Court will deny the Motion as premature.  Defendant may resubmit the Motion as to Plaintiff's remaining claims.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy

1 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
2 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
3 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
4 may result in the filing being stricken without further notice to Plaintiff.

5     **C.**     **Possible Dismissal**

6 If Plaintiff fails to timely comply with every provision of this Order, including these
7 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
8 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
9 comply with any order of the Court).

10 **IT IS ORDERED:**

11     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #12) is **DENIED**
12 as **MOOT**.

13     (2)     Counts II, III, IV, V, VII, and VIII of the Amended Complaint (Doc. #11) are
14 **DISMISSED without prejudice**.

15     (3)     Defendant Arpaio must answer Counts I and VI.

16     (4)     Defendant must answer the Amended Complaint or otherwise respond by
17 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
18 the Federal Rules of Civil Procedure.

19     (5)     Defendant's October 2, 2007 Motion to Dismiss (Doc. #13) is **DENIED**
20 **without prejudice** as premature.

21     (6)     This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules
22 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

23 DATED this 10th day of October, 2007.

Stephen M. McNamee
United States District Judge