**WO**                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Royce-Wayne Gibbons,  )  No. CV 07-1456-PHX-SMM (JCG)
      Plaintiff,  )  **ORDER**
vs.  )
Joseph M. Arpaio,  )
      Defendant.  )

Plaintiff Royce-Wayne Gibbons filed this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff. (Doc. #11.) Defendant moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. #15.) The matter is fully briefed. (Doc. ##18, 19). The Court will deny the motion.

**I.    Background**

Plaintiff's Amended Complaint raised eight counts; the Court dismissed Counts II, III, IV, V, VII, and VIII. (Doc. #14.) In the remaining Counts —I and VI—Plaintiff alleged that Defendant's May 1, 2007 mail policy, which prohibits inmates from receiving incoming mail sent in envelopes, violates Plaintiff's First Amendment rights (Count I) and that Defendant has not allowed Plaintiff to vote, which violates his Fifteenth Amendment rights (Count VI).

**II.   Motion to Dismiss**

    **A.    Legal Standard**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies are exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th

Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must first complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits pertaining to prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Parties' Contentions**

Defendant contends that Plaintiff failed to exhaust his administrative remedies as required by the PLRA. (Doc. #15.) In support, Defendant submits the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit. (Id., Ex. 1 Fisher Aff. ¶ 1.) Fisher attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id. ¶ 2.) The grievance procedure at the jail is a three-tiered system that includes: (1) the initial grievance and decision by a Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal. (Id. ¶ 5; Ex. A, Inmate Grievance Procedure, Policy DJ-3.) Fisher asserts that the jail's grievance policy does not restrict the type of issues that an inmate may grieve. (Id. ¶ 4.) She further attests that, according to the Sheriff's Office records, Plaintiff filed four grievances but did not file a grievance relating to the issue of the revised mail policy instituted on May 1, 2007 or to the issue of interference with Plaintiff's ability to vote. (Id. ¶ 8.) Also attached to the motion are excerpts from Rules and Regulations for Inmates, "Grievance Procedures"; a sample Inmate Grievance Form; and an Index of Grievances filed by Plaintiff. (Id., Exs. B, C, D.)

Plaintiff asserts that he did not receive or sign a revised version of the "Regulations

- 2 -

1  for Inmates," attached as an exhibit to Defendant's motion; he additionally asserts that he did
2  not receive the previous issue of the Regulations at the time of his booking. (Doc. #18 at 3.)
3  He argues that a grievance procedure that is not made known to inmates is not an "available"
4  remedy. (Id. at 6-7.) He contends that Fisher's affidavit is insufficient to meet Defendant's
5  burden of proof regarding the affirmative defense of exhaustion. (Id. at 4-5.) He also argues
6  that he stated in his Amended Complaint that a detention officer refused to sign or accept his
7  grievances, and he submits Inmate Grievance forms—one concerning the mail issue and one
8  concerning the voting issue. He also submits affidavits from inmates Mark Howard and
9  Shawn Wingo attesting that they were present and heard the detention officer refuse to accept
10 the grievances and a shift sergeant say that legal and non-legal mail in envelopes and the
11 right to vote are non-grievable and that the grievances would not be accepted. (Id., Ex. 3-4.)

12     In his reply, Defendant argues that Plaintiff complains he "has experienced staff
13 reluctance to forward his grievances regarding institutional security policies and that they are
14 routinely rejected by staff." (Doc. #19 at 2.) Defendant asserts that Fisher's Affidavit is
15 proof that the grievance process is "capable of providing adequate redress." (Id.) He
16 contends that Plaintiff would have received the July 1, 2004 version of Inmate Rules and
17 Regulations, which was substantially the same as the March 2007 version, except for a new
18 section that does not apply to Plaintiff's factual situation. (Id.) Finally, Defendant argues
19 that there are no specific factual allegations regarding who told Plaintiff that his complaints
20 were not grievable and that the affidavits from Howard and Wingo only refer to "detention
21 officer" and "shift sergeant" and give no dates or times for the alleged events. (Id. at 3.)

22     **C.    Analysis**

23     First, the Court rejects Plaintiff's argument regarding non-receipt of the Regulations
24 for grievances; Plaintiff does not claim that he did not know that he needed to file a grievance
25 on these issues or how to go about doing so. Rather, he claims that he attempted to do so and
26 was told the issues were not grievable.

27     Next, Plaintiff argues that the Fisher affidavit is insufficient to meet Defendant's
28 burden to show failure to exhaust. Although Plaintiff cites a number of cases concerning

1 conclusory allegations in affidavits submitted by prison officials, he does not explain why
2 the Fisher affidavit is insufficient. Most of the cited cases involve situations in which the
3 inmate plaintiffs alleged that they filed grievances or grievance appeals and prison officials
4 asserted that they had no record of such grievances or appeals. See e.g. Laws v. Walsh, 2003
5 WL 21730714, at *1 (W.D.N.Y. 2003); Perkins v. Obey, 2005 WL 433580, at *4 (S.D.N.Y.
6 2005); Livingston v. Piskor, 215 F.R.D. 84, 86 (W.D.N.Y. 2003). In those cases, the courts
7 held that affidavits asserting that limited records were searched and no grievances found were
8 conclusory and insufficient to meet prison officials' burden when there was a dispute of fact
9 whether the grievance or appeal was filed. Laws, 2003 WL 21730714, at *3 n.3; Perkins,
10 2005 WL 433580, at *4; Livingston, 215 F.R.D. at 86-7. Here, Plaintiff does not claim that
11 he filed grievances but rather that he attempted to do so and was told that the issues were not
12 grievable and that the grievances were not accepted.

13 Nevertheless, the Court finds that Defendant has not met his burden to establish
14 failure to exhaust. In Brown, the Ninth Circuit reasoned that information provided to the
15 prisoner was pertinent to the issue of the availability of an administrative remedy and noted
16 that if prison officials inform the prisoner that he cannot file a grievance, the formal
17 grievance proceeding was never "available" within the meaning of 42 U.S.C. § 1997e.
18 Brown, 422 F.3d at 937 (citing Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002)). See
19 also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy that prison officials
20 prevent a prisoner from using is not an "available" remedy under §1997e). Here, Plaintiff
21 asserted in his Amended Complaint and again in his response that he was told that he could
22 not grieve the issues in question. (Doc. #11 at 3, 8.) In addition, he submits the affidavits of
23 two inmate witnesses who attest that they heard the detention officer refuse to sign or accept
24 the grievances and heard the shift sergeant state that the issues were not grievable.
25 Defendant is correct that the witnesses do not state the identities of the detention officer or
26 shift sergeant or when the incidents occurred. However, Plaintiff submits grievances
27 regarding each issue, both dated, which provides some evidence of a time frame, and
28 Defendant does not argue that these are not authentic or were untimely or otherwise did not

- 4 -

1 comply with procedures; nor does Defendant claim that the inmate witnesses were not
2 housed with Plaintiff at the relevant time. Defendant mischaracterizes Plaintiff's argument,
3 saying that he claims grievances are routinely rejected. Plaintiff asserts specifically that
4 these two grievances were rejected, and he provides witness statements in support thereof.
5 Accordingly, the Court finds that Defendant has not met his burden to demonstrate that
6 Plaintiff failed to exhaust his administrative remedies.

**IT IS HEREBY ORDERED DENYING** that Defendant's Motion to Dismiss (Doc. #15) is **denied.**

DATED this 28th day of April, 2008.

_____
Stephen M. McNamee
United States District Judge