1
2
3
4
5
6                              IN THE UNITED STATES DISTRICT COURT

7                                 FOR THE DISTRICT OF ARIZONA

8

9    Royce-Wayne Gibbons,                    )    No. CV 07-1456-PHX-SMM (JCG)
                                             )
10                  Plaintiff,               )    **REPORT & RECOMMENDATION**
                                             )
11   vs.                                     )
                                             )
12                                           )
     Joseph Arpaio,                          )
13                                           )
                    Defendant.               )
14                                           )
     _____    )
15

16          Pending before the Court is a Motion to Dismiss filed by Defendant on January 15,

17   2009.  (Doc. No. 45.)   Plaintiff did not respond to the Motion.

18                     **FACTUAL AND PROCEDURAL BACKGROUND**

19          Royce-Wayne Gibbons, Plaintiff, filed an action against Defendant in the Maricopa

20   Superior Court on July 9, 2007.  Defendant removed the action to United States District

21   Court for the District of Arizona on July 31, 2007. (Doc. No. 1.)  Plaintiff's complaint was

22   dismissed with leave to amend; Plaintiff filed an amended complaint on September 24, 2007

23   asserting claims against Defendant arising under 42 U.S.C. §1983. (Doc. Nos. 6, 11.)  After

24   the Court denied a Motion to Dismiss filed by Defendant, Defendant filed an Answer to the

25   Amended Complaint and a partial Motion for Summary Judgment. (Doc. Nos. 27, 30 & 31.)

26   The Court granted the partial Motion for Summary Judgment on October 2, 2008. (Doc. No.

27   43.)  The Court mailed a copy of the Court's order granting the partial Motion for Summary

28   Judgment to Plaintiff at the prison address provided; the mail was returned as undeliverable

because Plaintiff was no longer in custody. (Doc. No. 44.) On November 14, 2008, the Court forwarded a copy of the Court's docket and its most recent Orders to Plaintiff at an address that Plaintiff listed on his response to Defendant's partial Motion for Summary Judgment. On January 15, 2009, Defendant filed the pending Motion, seeking dismissal on the ground that Plaintiff had failed to prosecute the pending action. (Doc. No. 45.)

### ANALYSIS

The Court advised Plaintiff in a previous Order that failure to comply with every provision of the Court's Orders would result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 14.) The Court also advised Plaintiff that he "must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure" and that "failure to comply may result in dismissal of this action." (*Id.*) Both the Court and Defendant have attempted to locate Plaintiff without success. The Court forwarded its most recent orders to an address provided by Plaintiff in a previous filing. Defendant states in the pending Motion that defense counsel has undertaken a good faith and reasonable search to try and identify a current address or whereabouts of Plaintiff without success. Neither the Court nor Defendant has received any communication from Plaintiff since July, 2008.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her current address, and to comply with the Court's orders in a timely fashion. The Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate

1  circumstances, the Court may dismiss a complaint for failure to prosecute even without

2  notice or hearing. *Id*. at 633.

3      In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

4  the Court must weigh the following five factors: "(1) the public's interest in expeditious

5  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

6  the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

7  availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)

8  (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these

9  factors favor the imposition of sanctions in most cases, while the fourth factor cuts against

10  a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser

11  sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

12      Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure

13  to keep the Court informed of his address or actively participate in this case prevents the case

14  from proceeding in the foreseeable future. The fourth factor, as always, weighs against

15  dismissal. The fifth factor requires the Court to consider whether a less drastic alternative

16  is available.

17      The Court finds that only one less drastic sanction is realistically available. Rule

18  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

19  merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,

20  a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can

21  be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

22  Procedure.

23                                    **RECOMMENDATION**

24      Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2),

25  Rules of Practice of the United States District Court, District of Arizona, the Magistrate

26  Judge recommends that Plaintiff's Amended Complaint (Doc. No. 11) and this action be

27  DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil

28  Procedure for failure to prosecute.

1    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

2    10 days after being served with a copy of this Report and Recommendation.  If objections

3    are not timely filed, they may be deemed waived. The parties are advised that any objections

4    filed are to be identified with the following case number: **CV-07-1456-PHX-SMM.**

5    DATED this 18th day of February, 2009.

6

7

8

9

10   _____

11   Jennifer C. Guerin
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28